NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0313n.06

Nos.  08-2247, 08-2248

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED
May 21, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DARMAINE WENDELL BROWNING, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before:  BATCHELDER, Chief Judge; SUTTON and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Darmaine Browning appeals his sentence for being a felon in possession of a firearm and failure to appear for sentencing.  We affirm.

I.

In December 2007, a jury convicted Browning of being a felon in possession of a firearm. He remained on bond pending sentencing, but did not appear for his sentencing hearing.  As a result, the district court issued a bench warrant for his arrest.  The government also indicted Browning for that failure to appear.  In April 2008, police arrested Browning.  He pled guilty to the failure-to-appear charge, which was then consolidated with the firearm charge for sentencing.

Browning's Guidelines range for the two offenses was 140 to 175 months, based on a criminal-history category of VI (the highest level).  Prior to sentencing, Browning's attorney filed a memorandum arguing that category VI over-represented the seriousness of Browning's prior

convictions. Most of those convictions, she said, were misdemeanors or involved only small quantities of drugs. She also asserted that "the guidelines' criminal history rules were not based on empirical evidence," Snt'g Memo at 8, and that "[t]his problematic method for calculating criminal history . . . is apparent in this case." *Id.* at 9. Accordingly, she suggested that the court sentence Browning under criminal-history category V, which would yield a range of 84 to 105 months.

At the sentencing hearing, the court acknowledged "the defendant's position that the [criminal-history category] overstates the seriousness of his prior record[.]" Snt'g Tr. at 14. But the court emphasized Browning's "consistent pattern" of illegal conduct "from age 15 . . . until right up to the present day," and was ultimately "not persuaded . . . [that Browning's] history is overstated as argued by defense counsel." *Id.* The court then discussed the § 3553(a) factors, and sentenced Browning to 151 months' imprisonment.

This appeal followed.

II.

Browning's sole argument on appeal is that the district court did not fully explain its reasoning for imposing his sentence. Specifically, he says the court should have addressed his argument about the lack of empirical support for the Guidelines' criminal-history categories.

We normally evaluate procedural challenges to a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). But when the defendant has an opportunity to object to the sentencing procedure and fails to do so, we apply plain-error review. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). We also apply plain-error review when a defendant objects, but that objection is "at such a high degree of generality that the district court has

no opportunity to correct its purported error[.]" *United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009).

Browning falls into that latter category. The court gave him an opportunity to object when, after imposing the sentence, it asked Browning's attorney, "any objection on your part?" Snt'g Tr. at 22. Browning's attorney responded, but did not mention the empirical-evidence argument. Instead, she offered only a blanket objection to the sentence—"we object to the sentence that's been imposed"—which is too vague to preserve Browning's procedural argument for appeal. We therefore review the district court's decision only for plain error.

Turning to the merits of Browning's challenge, he is correct that a district court must "adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. A district court need not, however, "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387. Ultimately, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The court's explanation here met that standard. Although the court did not discuss Browning's empirical-evidence argument explicitly, the record shows that the court considered it. Browning presented that argument within the larger context of his challenge to the application of criminal-history category VI. And *that* challenge is one that the district court expressly acknowledged, then rejected with a reasoned explanation. By explaining why this broader challenge was unpersuasive, the court implicitly rejected the narrower one. *See Simmons*, 587 F.3d at 362 (there is no error when the court "appears to have considered and implicitly rejected the argument").

Moreover, the district court's rejection of Browning's argument would have been sufficient even without that discussion. Sentencing courts are not required to explain why they are rejecting frivolous arguments. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006). And Browning's argument is indeed frivolous, because the Guidelines' criminal-history categories are, in fact, based on empirical evidence. *See* U.S.S.G. ch. 4, pt. A, introductory cmt. ("The specific factors included in [the criminal-history provisions] are consistent with the extant empirical research assessing correlates of recidivism and patterns of career criminal behavior"); *see also Gall*, 552 U.S. at 46 ("[T]he Guidelines are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Thus, the district court did not commit any error, much less plain error, when it implicitly rejected Browning's argument.

The district court's judgment is affirmed.